ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
KOLLIN ZIMMERMANN (SBN 273092)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA  90071-2213
Telephone:  (213) 312-2000
Facsimile:  (213) 312-2001
Email:    aanderson@rmkb.com
          tskelton@rmkb.com
          kzimmermann@rmkb.com

Attorneys for AMAZON.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SCOTT GIBSON and JAMES E. GIBSON,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, AND THEIR THIRD PARTY URBAN DICTIONARY AND WIKIPEDIA FREE ENCYCLOPEDIA,<br><br>Defendants. | Case No.  EDCV11-00021 ODW-DTB<br><br>**JOINT REPORT ON EARLY MEETING OF COUNSEL**<br><br>**(FED. R. CIV. P. 26(f))**<br><br>Judge:    Hon. Otis D. Wright, II<br><br>Scheduling Conference: April 4, 2011, 1:30 PM |

Pursuant to this Court's Order of February 23, 2011, Plaintiffs and counsel for Amazon.com and Wikimedia met and conferred regarding the matters required under Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's Order.  Because Urban Dictionary has not yet appeared in the case, and Plaintiffs have dismissed Wikimedia, wherever "the parties" is used below, it necessarily means only Plaintiffs and Amazon.com.

## A. PROPOSED SCHEDULE:

| | |
|---|---|
| **Initial Disclosures:** | **April 11, 2011** |
| Plaintiffs' expected discovery: | |
| [please see Section B.2. below] | |
| Amazon.com's expected discovery: | |
| Written discovery | April 2011 |
| Deposition of plaintiffs | May 2011 |
| | |
| **Expert Disclosures:** | **August 5, 2011** |
| **Fact Discovery Cutoff:** | **October 7, 2011** |
| **Expert Discovery Cutoff:** | **October 7, 2011** |
| **Motion Filing Cutoff:** | **November 7, 2011** |
| Plaintiffs' expected motions: | |
| [please see Section D.3. below] | |
| Amazon.com's expected motions: | |
| Summary Judgment: | May 2011 |
| Attorney fee motion: | June 2011 |
| | |
| **Final Pre-Trial Conference:** | **January 10, 2012** |
| **Jury Trial (approximately 5 days):** | **January 17, 2011** |

## B. FEDERAL RULE 26(f) TOPICS:

**1. Initial disclosures (Fed. R. Civ. P. 26(A)):** The parties do not believe that any changes are necessary in the timing, form, or requirement for disclosures under Rule 26(a). The parties agree to make the disclosures no later than [April 11, 2011].

**2. The subjects on which discovery may be needed (Fed. R. Civ. P. 26(f)(3)(B))**:

    **Plaintiffs' statement:**

We discovered we want justice. We have been abused and we are demanding a jury trial. My family and I have been sold to the public without signed documents. We do not have any civil rights. All our civil rights have been taken by amazon.com and their third party. We saw everything on the Internet and we want to testify. We are demanding a Jury Trial.

    **Amazon.com's statement:**

Amazon.com will seek information from Plaintiffs clarifying the allegations in their complaint in advance of Amazon.com's summary judgment motion.

**3. When discovery should be completed (Fed. R. Civ. P. 26(f)(3)(B))**: The proposed schedule is above.

**4. Whether discovery should be conducted in phases or be limited to or focused on particular issues (Fed. R. Civ. P. 26(f)(3)(B)):** The parties do not foresee any need to conduct discovery in phases or to limit or focus discovery on particular issues.

**5. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (Fed. R. Civ. P. 26(f)(3)(C)):** As the early meeting of counsel, the parties could not identify any issues relating to the disclosure and discovery of ESI. The parties agreed to cooperate with each other with respect to the most efficient ways to produce ESI.

**6. Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order (Fed. R. Civ. P. 26(f)(3)(D)):** The parties expect that a protective order will be necessary to protect the confidentiality of certain information to be produced in discovery. Counsel will meet and confer further to prepare an appropriate order for the Court's consideration.

**7. Any changes in the limitations on discovery imposed under these rules or by local rule, and any other limitations to be imposed (Fed. R. Civ. P. 26(f)(3)(E)):** The parties agree that the default discovery rules and limitations would be appropriate for this case.

**8. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c); proposals regarding severance, bifurcation or other ordering of proof (Fed. R. Civ. P. 26(f)(3)(F); Order topic 9):** The parties cannot at this time identify any additional orders needed.

### C. LOCAL RULE 26-1 TOPICS:

**1. Complex Cases (LR 26-1(a)):** The parties agree that this is not a "Complex Case."

**2. Motion schedule (LR 26-1(b)):** The parties' proposed motion schedule is set forth above.

**3. Settlement (LR 26-1(c)):** At the early meeting of counsel, the parties

extensively discussed the potential for settlement. Plaintiffs agreed to dismiss defendant Wikimedia. It does not appear that settlement is likely between Plaintiffs and Amazon.com.

Amazon.com proposes Settlement Procedure No. 1, and would like to arrange a settlement conference with Judge Wright or another judicial officer as soon as possible.

**4. Trial Estimate (LR 26-1(d)):** The parties estimate that the trial of this matter will take approximately five court days.

**5. The likelihood of appearance of additional parties (LR 26-1(e)):** Amazon.com does not anticipate naming any additional parties.

**D. ADDITIONAL TOPICS FROM COURT'S FEB. 23, 2001 ORDER:**

**1. A short synopsis of the principal issues in the case:**
**Plaintiffs' statement:**

Amazon.com has corrupted my book so bad that no publishers will publish it for me. My book Latawnya The Naughty Horse Learns to Say No to Drugs is only out of print when it comes to me only the plaintiff Sylvia Scott Gibson. I was wondering why no one would publish my book for me. I have been asking publishers for a long time about republishing my book. I have even asked Amazon.com about republishing my book. They did not write me back. I did not know that Amazon was already selling my book and they had made a second edition of my book without permission.

No one would republish my book for me because of Amazon.com has taken my book and made another second edition from my book.

Amazon.com is the reason I cannot get any publisher to republish my

1  book because of unfair competition.  Amazon has another ISBN for my book.
2  Because they made a second edition from my book and they are using my
3  birth name on the second edition book like I had it done.  They are reprinting
4  and selling my book international.  I have the proof of the second edition
5  book.  I feel like my family and I been sold like slaves to different countries
6  around the world by Amazon.com and to their third party.
7      I have a tape with some proof and will submit it to the courts at a later
8  date.  We are demanding a jury trial.
9      ======================
10      Sylvia Scott Gibson & James E. Gibson are the Plaintiffs in this
11  complaint. I, Sylvia Scott Gibson am the author of the anti-drug children
12  book name Latawnya The Naughty Horse Learns To Say No To Drugs. I
13  own the exclusive rights to the book.  When I finished writing my manuscript
14  1. I had it public notarized on May 5, 1989 before it was published. 2. I
15  registered a copyright with the copyright office on Nov. 6, 1989 on my
16  manuscript Latawnya The Naughty Horse See, Hear and Do Learns To Say
17  No Way To Drugs registration Number TX u  393-842.  After then I ask
18  Vantage Press publishers would they publish my manuscript?
19      I received another copyright after my manuscript was published and
20  made into a  book to be sold to the public on Jan. 14, 1992, Registration
21  number TX  3  227  927. Vantage Press and I revised my manuscript name
22  on the contract before the book was published, We revised the name of my
23  book to Latawnya The Naughty Horse Learns To Say No To Drugs, which is
24  on the copyright and contract I received in 1992 from Vantage Press.
25      On my contract with Vantage Press it states upon terminated of this
26  agreement all rights in and to the said literary work including that of
27  copyrights shall revert to the author. my copyrights reverts back to me. I also
28  have a letter from Vantage Press stating that my copyrights is protected for

1  the life of the copyright claimant plus 50 years.  Now copyrights are good for
2  70 years plus 90 years.
3      I opened up a non-profit organization name J S & G with my anti-
4  drug children book Latawnya The Naughty Horse Learns To Say No To
5  Drugs. I was the owner of the organization. My children and I walked door to
6  door selling my book and candy to pay for my book. In the summer time we
7  worked in Texas for about 3 hour a day in the hot sun about 98 degrees in the
8  heat. Then when the winter time came we worked about two hours a day
9  going to door to door in 43 degrees weather.
10      We donated the book to different school libraries in Texas. We paid
11  taxes on all the books that we sold. we paid $500.00 down payment to
12  Vantage Press and then we paid payments until the book was paid off in full.
13  We paid Vantage Press $5,875.00 for the publication of my book. In all the
14  total that was paid to Vantage Press was $6,375.00.
15      This is all the money we made off the book, plus enough money to pay
16  the taxes for the sales when I had control of my own book.
17      We finished paying for my book in 1995. J S & G Association was not
18  making enough money to stay open and we did not have enough members so
19  I had to close it. We paid all the taxes and did all the
20  paper work and closed the association the right way. I let the copyright
21  office know I closed J S & G Association. I asked the Copyrights office did I
22  need to complete another copyright form because I closed my J S & G
23  Association. The copyrights office told me no I did not need to complete
24  another copyright form because my copyrights automatically reverts back to
25  me after I closed my J S & G Association.  My copyrights never did change
26  hands because I was the owner of J S & G. We moved back to
27  California in 1996. We did all that hard work and paid off the book.
28  Doing this time my children book had been published for five years.

I never talked to anyone about selling my book on the internet. Now my book is all over the world with my name and my family names. I see on the Internet different people websites showing what they are doing and selling on Internet. They even have my birth name opening up different porn doors, opening up websites selling different medications. My book Latawnya The Naughty Horse Learns To Say No To Drugs was on amazon.com best sellers list and on the Internet Urban Dictionary stated that my book is a best seller.

Amazon.com is using 4 used books for a prop. Amazon has been printing my book and selling it everywhere. Four used books can not make a book a best seller and 4 used books can not make a name famous. When my book was first published it only had one ISBN. Now my book has two different ISBN.

The Copyright Registrations laws that's supposed to protect my book for 70 years Plus 90 years are they fake or are they real?

If they are real I would like to seek justice. We are demanding a Jury Trial.

==============

Defendants stated that they did not receive a DMCA Notice. They lied. The plaintiffs sent the Defendants amazon.com & their third party and partners a cease and desist letter on Sat Nov. 13, 2010 at 7:44 pm before we sent the complaint to them. After they received the cease and desist letter they put lines through my, birth name and the different countries names that my book was selling in. They ignored my cease and desist letter. We also included the cease and desist letter in the complaint. It is located on exhibit 4 first page. It was lodge in Jan. 4, 2011 at 11:32 am. It was filed Jan 11, 2011 at 4:07 pm.

We are demanding a Jury Trial.

==============

If a settlement agreement can not be made between the Plaintiffs and The Defendants third party and amazon.com we are requesting for a take down on amazon.com websites and all other websites that are selling my book and freeze all sales in all of the different countries that my book is being sold in around the world. I Would like for all sales to stay frozen until I take control of my own book and sign legal documents for my book to be sold the right way. My anti-drug children book name is Latawnya The Naughty Horse Learns To Say No To Drugs. My book has been infringed on and I want to exercise my rights. I want to be a part of my own book. I want my copyrights enforced like I was told by the Library Of Congress Copyright Office Laws. My Copyrights are good for 70 years plus 90 years. My books are my family legacy, not amazon.com and their third party.

====================

We the plaintiffs had Urban Dictionary served three different times, but they have not respond to the summons and complaint.

We sent another complaint to the San Francisco Sheriff Department for the Sheriff to serve Urban Dictionary the summons and complaint.

We mailed that summons and complaint to the San Francisco Sheriff Dept. on March 11, 2011 at 3:55 pm. The summons and complaint was deliver to the Sheriff Dept. in San Francisco, CA on March 14, 2011 at 11:44 am. So far Urban Dictionary is ignoring the United States District Court Central District Of California and the Plaintiffs.

====================

The Plaintiffs Sylvia Scott Gibson & James E. Gibson dismissed Wikimedia Foundation, Inc. from the law suit on March 15, 2011.

Case Number EDCV 11-21 ODW (DTBx)

1 **Amazon.com's statement:**

As to Amazon.com, the principal issue is its factual innocence as to all of Plaintiffs' claims.

Plaintiffs' complaint presents a multitude of discrete issues against three unrelated parties. The only common denominator among them is that they involve Plaintiffs' book *Latawnya, The Naughty Horse, Learns to Say "No" to Drugs*. As Wikipedia describes that work:

> *Latawnya, The Naughty Horse, Learns to Say "No" to Drugs* is a book by Sylvia Scott Gibson directed towards children, warning them about the dangers of alcohol and what the book refers to as "smoking drugs." It was published by vanity press publisher Vantage Press with a copyright date of 1991. This anti-drug children's book is unusual in the fact that it uses horses instead of humans as characters. Due to its absurd writing, illustrations and comments from the author, this book sells out almost anytime a copy becomes available on Amazon. The book also has several dozen satirical reviews on the Amazon site.[1]

Plaintiffs are misunderstanding what they see on Amazon.com's Web site. Amazon.com does not sell, and has never sold, the *Latawnya* book – in the U.S., or in any of the other countries alleged by Plaintiffs.

Plaintiffs are also misinterpreting the Google search results attached to their complaint. What was "published" by "Granite City Green Guy" was a (satirical) review of the *Latawnya* book, not the actual book.[2]

Plaintiffs are also misinterpreting information that they found on some other Web site. Amazon.com has neither published nor sold any "second edition" of *Latawnya*. There is no second ISBN for the *Latawnya* book.

There are only four *used* copies of the *Latawnya* book on

---

[1] http://en.wikipedia.org/wiki/Latawnya,_the_Naughty_Horse,_Learns_to_Say_%22No%22_to_Drugs
[2] http://www.amazon.com/review/R2J41N781MNUPC/ref=cm_cr_pr_perm?ie=UTF8&ASIN=0533091020&nodeID=&tag=&linkCode=

Amazon.com. Each is being offered by a third-party seller, not Amazon.com That book has been out of print for two decades, and there has been no secret "second printing" by Amazon.com, or anyone else to Amazon.com's knowledge.

As to Plaintiffs' claims regarding "selling their children's birth names," Amazon.com cannot make sense of this claim. To the extent that Plaintiffs are complaining about their children's names being on or in the *Latawnya* book, Amazon.com cannot understand how anyone could be liable.

There is no reason to believe that any of these used books are not genuine. Their sales are therefore protected by the First Sale Rule.[3] To the contrary, as the *Latawnya* book has become somewhat of a cult classic, these copies are selling for around $100 each.

**2. Whether the pleadings are likely to be amended:**

Plaintiffs intend to move to amend their answer to add their children as plaintiffs. Amazon.com has no intent to amend its answer.

**3. Issues which any party believes may be determined by motion:**

**Plaintiffs' statement:**

Sylvia Scott Gibson & James E. Gibson motion that the defendants amazon.com and their third party compensate all ten of the Gibson Family members for selling their birth name, and my book without written permission or otherwise from all ten of us and for printing my book without permission. My family ten birth names which were sold are 1.Sylvia Scott Gibson 2. James E Gibson 3. Gregory V. Gibson 4. Latawnya T. Gibson 5.Daisy L. Caldwell 6. Chrystal D. Gibson 7. Angie Gibson 8. Jacqueline

---

[3] But even if the books were not genuine, Plaintiffs have not provided a DMCA notice to Amazon.com, so Amazon.com cannot be liable for copyright infringement. *Hendrickson v. Amazon.com, Inc*., 298 F. Supp. 2d 914, 916 (C.D. Cal. 2003)

Scott 9. Connie Gibson 10. Latoya Dawkins

On Amazon web page my book is listed as a best seller and on Urban Dictionary website it states my book is a best seller. The defendants said they only have 4 used books on Amazon website. I do not understand how 4 used books would make my book a best seller. Amazon.com & their third party has reprinted my book and sold my whole family and my book and we want justice.

=================

We, The Plaintiffs Sylvia Scott Gibson and James E. Gibson are demanding a Jury Trial. We want Justice.

The Defendants are not telling the truth.  On page 7 the defendants states, There is no second ISBN for the Latawnya book.

There are two ISBN for my book. The two ISBN are listed under Product Details. This will be presented to judge on April 4, 2011.

1. This is the first ISBN -  0533091020 which is located inside of my Latawnya book.

2. This is the second ISBN - 13: 978-0533091027

A list proof of Documents:

1. Product Details which shows the two ISBN for my book Latawnya The Naughty Horse Learns To Say No To Drugs.

2. A copy of a book on Goodread showing that amazon  printed another book from my book and my name is on that book as the author Sylvia S Gibson.

3. A public Notorized stamp on my manuscript

4. My 1989 Copyright Registration

5. My 1992 Copyright Registration

6. Ok weekend.com News Paper telling how much money amazon.com made from my book in a few days. The News paper is dated 06-29-07.

7. Cease and Desist letter and e c t.

Documents will be shown on April 4, 2011

We are Demanding a Jury Trial.

**Amazon.com's statement:**

As suggested by Amazon.com's description of the case above, if Plaintiffs do not dismiss Amazon.com from the case, Amazon.com will file a motion for summary judgment.

Dated: March 21, 2011

By: /s/ Sylvia Scott Gibson
SYLVIA SCOTT GIBSON
Plaintiff

Dated: March 21, 2011

By: /s/ James Gibson
JAMES GIBSON

Dated: March 21, 2011   ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/Timothy L. Skelton
ALLAN E. ANDERSON
TIMOTHY L. SKELTON
Attorneys for Amazon.com, Inc.