ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA  90071-2213
Telephone:  (213) 312-2000
Facsimile:   (213) 312-2001
Email:       aanderson@rmkb.com
             tskelton@rmkb.com

Attorneys for Defendant
AMAZON.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SCOTT GIBSON and JAMES E. GIBSON,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM AND THEIR THIRD PARTIES URBAN DICTIONARY AND WIKIPEDIA FREE ENCYCLOPEDIA,<br><br>Defendants. | Case No.  EDCV 11-21 ODW (DTBx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      June 6, 2011<br>Time:      1:30 p.m.<br>Courtroom: 11<br><br>Judge:    Hon. Otis D. Wright II |

Plaintiffs' complaint against Amazon.com is spun from whole cloth. Plaintiffs' claims against Amazon.com are based wholly on misunderstanding information that they found on the Internet.

Amazon.com has never published or sold Plaintiffs' book. As such, it is entitled to summary judgment.

# I.
# FACTS:

This case involves Plaintiffs'[1] book *Latawnya, The Naughty Horse, Learns to Say "No" to Drugs*. As Wikipedia describes that work:

> *Latawnya, The Naughty Horse, Learns to Say "No" to Drugs* is a book by Sylvia Scott Gibson directed towards children, warning them about the dangers of alcohol and what the book refers to as "smoking drugs." It was published by vanity press publisher Vantage Press with a copyright date of 1991. This anti-drug children's book is unusual in the fact that it uses horses instead of humans as characters. Due to its absurd writing, illustrations and comments from the author, this book sells out almost anytime a copy becomes available on Amazon. The book also has several dozen satirical reviews on the Amazon site.[2]

The sum total of Plaintiff's allegations against Amazon.com is as follows:

> Copyright Infringement and Fraud
> 8. Defendants amazon.com and their third party, is using their power and influence to try to take my anti-drug children book. They have influenced people to publish and sell my book in different countries all over the world doing fraud using my birth name Sylvia Scott Gibson. See exhibit 1. page one name of book alone with birth name page 2. cease and desist letter page 3. 11 different countries with my birth name sold alone with my book. Page 4 Web. page printed off 11-26-2010 shows that amazon has Granite City Green Guys publishing my book since 06-19-2007 After the Defendants amazon.com and their third party received the cease and desist letter from me letting them know they are committing fraud selling my birth name alone with my book and 9 of my family members names are in the book, they put a line through the 11 different countries where they sold my birth name and children book.

---

[1] It is actually Ms. Gibson's book. Mr. Gibson has not made any allegation showing that he has standing to be a plaintiff in this case.

[2] http://en.wikipedia.org/wiki/Latawnya,_the_Naughty_Horse,_Learns_to_Say_%22No%22_to_Drugs

RC1/5935510.1/PF1   - 2 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

> The name of my book is Latawnya The Naughty Horse Learns to Say No To Drugs.
> ISBN:0-533-09102-0

First Amended Complaint, ¶ 8.

Plaintiff's allegations are completely false.

### A. Amazon.com is not selling the *Latawnya* book, in the United States or elsewhere.

Plaintiffs allege that Amazon.com is selling the *Latawnya* book across the globe. The sole piece of evidence offered by Plaintiffs to support this assertion is printouts of search results from Amazon.com's Web site.

Plaintiffs are misreading those results. The strikethrough means that the search term was ignored, and the results do not incorporate those terms. For each country that Plaintiffs put in the search phrase, that country name is struck out in the results. For instance, the search result "latawnya ~~the~~ naughty horse ~~learns to say no to drugs~~ ~~in the United Kingdom~~ ~~sylvia scott gibson~~" (Complaint, Exh. 1, p. 3 (page 8 of the document)) means that each of the struck-through terms was disregarded by Amazon.com's computers. Amazon.com's computer reduced the search phrase to "latawnya naughty horse." Garver Decl. at ¶ 2.[3] Plaintiffs could run searches substituting every other country on the globe, or with purely made-up words, and the result would be the same every time.

Further, each of these results (Complaint, Exh. 1, pp. 3-13) show the same thing – that Amazon.com does not have the *Latawnya* book for sale. This is hardly surprising, considering that the book had a single small publication in 1991, five years before Amazon.com even existed.[4]

---

[3] This is also clearly stated on each page.
[4] *See Amazon.com – Wikipedia, the free encyclopedia* <http://en.wikipedia.org/wiki/Amazon.com>.

### B. Amazon.com has not "influenced" anyone to publish the *Latawnya* book, in the United States or elsewhere.

Plaintiffs allege that Amazon.com "have influenced people to publish and sell my book in different countries all over the world doing fraud using my birth name Sylvia Scott Gibson." Whatever this allegation means, there is not a shred of evidence supporting it.

### C. Amazon.com has not "sold [Plaintiffs'] birth name," in the United States or elsewhere.

Plaintiffs' allegations that Amazon.com "sold [their] birth names" is nonsensical. Even if names are for sale somewhere, they are not on Amazon.com. Garver Decl. ¶ 4.

### D. The only thing that Granite City Green Guy "published" was an online review of the *Latawnya* book.

Plaintiffs' allegation that a "Web. page printed off 11-26-2010 shows that amazon has Granite City Green Guys publishing my book since 06-19-2007" is similarly false. Plaintiffs are looking at a truncated version of the page listed in Google's search results. *See* Complaint, Exh. 1, p. 14 (page 20 of the document).

Plaintiffs are misinterpreting these Google search results. What was "published" on June 19, 2007 by "Granite City Green Guy" was a (satirical) review of the *Latawnya* book, not the book itself. *See* Garver Decl. at ¶ 5.

### E. Amazon.com has never sold the Latawnya book; the only sales have been used copies sold by third-party sellers.

Amazon.com has never sold the long-out-of-print *Latawnya* book. *See* Undisputed Material Fact ("UMF") No. 1. The only sales on Amazon.com's Web site have been 34 *used* copies sold by third-party sellers. UMF No. 2.

Amazon.com explained all of the above to Plaintiffs at the early meeting of counsel, complete with documentation. But since Plaintiffs refuse to dismiss Amazon.com, it now seeks summary judgment.

RC1/5935510.1/PF1 - 4 - MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## II.
## PLAINTIFFS FAIL TO STATE A CLAIM FOR FRAUD.

Fraud requires a plaintiff to plead and prove: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1816 (1996). Fraud must be pleaded with specificity. Fed. R. Civ. P. 9(b).

Plaintiffs' complaint does not even come close to pleading fraud. None of the elements are pleaded even generally, much less with the specificity required under Rule 9.

## III.
## AMAZON.COM HAS NOT INFRINGED PLAINTIFFS' COPYRIGHT.

As established above, Amazon.com has never sold the *Latawnya* book itself. As such, there can be no direct infringement.

With respect to potential secondary liability for the third-party sales of used *Latawnya* books, there is no evidence that any of these sales were improper. Under the First Sale Rule, a person is free to resell a book as he wishes. 17 U.S.C. § 109; *Bobbs-Merrill Co. v. Straus*, 210 U.S. 339, 350-51 (1908).

There is no evidence or reason to believe that any of these books were not genuine. Without direct liability as to a third-party seller, there can be no indirect liability (vicarious liability or contributory infringement) against Amazon.com. *E.g.*, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 2011 U.S. App. LEXIS 3428 (9th Cir. Feb. 17, 2011); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019, 1022 (9th Cir. 2001).

Finally, even if there were some evidence that there was something wrong with any of these third-party sales, Plaintiffs did not send Amazon.com proper notice under the Digital Millennium Copyright Act. As such, Amazon.com is shielded from liability in any event. *See*, *e.g.*, *Hendrickson v. Amazon.com*, 298 F.

Supp. 2d 914 (C.D. Cal. 2003) (Amazon.com not liable for third-party sales on its site in the absence of proper notice under the DMCA); *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1110 (W.D. Wash. 2004) (same).

## IV. CONCLUSION:

Simply put, Amazon.com has done nothing wrong. It is entitled to summary judgment.

Dated: April 14, 2011

ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Timothy L. Skelton*
ALLAN E. ANDERSON
TIMOTHY L. SKELTON
Attorneys for Defendant
AMAZON.COM