ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA  90071-2213
Telephone:  (213) 312-2000
Facsimile:  (213) 312-2001
Email:  aanderson@rmkb.com
tskelton@rmkb.com

Attorneys for Defendant
AMAZON.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SCOTT GIBSON and JAMES E. GIBSON,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>AMAZON.COM AND THEIR THIRD PARTIES URBAN DICTIONARY AND WIKIPEDIA FREE ENCYCLOPEDIA,<br><br>　　　　　Defendants. | Case No.  EDCV 11-21 ODW (DTBx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:　　June 6, 2011<br>Time:　　1:30 p.m.<br>Courtroom:  11<br><br>Judge:　　Hon. Otis D. Wright II |

RC1/5935641.1/PF1

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Undisputed Facts: | Supporting Evidence |
|---|---|
| 1. Amazon.com never sold *Latawnya, The Naughty Horse, Learns to Say "No" to Drugs*. | Decl. of Adrian Garver, ¶¶ 6-7. |
| 2. The only sales of that book on the Amazon.com Web site were 34 sales of used copies of the book made by third-party sellers. | Decl. of Adrian Garver, ¶ 6. |

**Conclusions of Law:**

### Fraud:

1. Plaintiffs fail to state a claim for fraud. Fraud requires a plaintiff to plead and prove: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service by Medallion, Inc. v. Clorox Co*., 44 Cal.App.4th 1807, 1816 (1996). Fraud must be pleaded with specificity. Fed. R. Civ. P. 9(b). Plaintiffs' complaint does not plead any of the required elements, much less with the required specificity. They have also not offered any proof to support their claim. Amazon.com is thus entitled to partial summary judgment on plaintiffs' fraud claim.

### Copyright Infringement:

2. Amazon.com is similarly entitled to partial summary judgment on Plaintiffs' copyright claim. Amazon.com never sold the *Latawnya* book. It therefore cannot be liable for direct infringement.

3. Plaintiffs have failed to plead or prove any basis for secondary liability for Amazon.com for the third-party sales of used books. Under the First Sale Rule, a person is free to resell a book as he wishes. 17 U.S.C. § 109; *Bobbs-Merrill Co. v. Straus*, 210 U.S. 339, 350-51 (1908). Without direct liability as to a third-party seller, there can be no indirect liability (vicarious liability or contributory

infringement) against Amazon.com.  *E.g.*, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 2011 U.S. App. LEXIS 3428 (9th Cir. Feb. 17, 2011); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019, 1022 (9th Cir. 2001).

Dated: April 25, 2011

ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Timothy L. Skelton*
ALLAN E. ANDERSON
TIMOTHY L. SKELTON
Attorneys for Defendant
AMAZON.COM

RC1/5935641.1/PF1 — - 3 - — STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW