```
1  ALLAN E. ANDERSON (SBN 133672)
   TIMOTHY L. SKELTON (SBN 200432)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   515 South Flower Street, Suite 1100
3  Los Angeles, CA  90071-2213
   Telephone:  (213) 312-2000
4  Facsimile:   (213) 312-2001
   Email:       aanderson@rmkb.com
5  tskelton@rmkb.com

6  Attorneys for Defendant
   AMAZON.COM
7
```

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | SYLVIA SCOTT GIBSON and JAMES E. GIBSON, | Case No.  EDCV 11-21 ODW (DTBx) |
|----|---|---|
| 12 |  | **[PROPOSED] STATEMENT OF DECISION ON AMAZON.COM'S MOTION FOR SUMMARY JUDGMENT** |
| 13 | Plaintiffs, |  |
| 14 | v. |  |
| 15 | AMAZON.COM AND THEIR THIRD PARTIES URBAN DICTIONARY AND WIKIPEDIA FREE ENCYCLOPEDIA, |  |
| 16 |  |  |
| 17 | Defendants. | Date:   June 6, 2011<br>Time:   1:30 p.m.<br>Courtroom:  11 |
| 18 |  | Judge:  Hon. Otis D. Wright II |

19

20     This case involves Plaintiffs' book *Latawnya, The Naughty Horse, Learns to*

21  *Say "No" to Drugs*.  Plaintiffs allege fraud and copyright infringement against

22  Amazon.com.

23     Plaintiffs fail to state a claim for fraud.  Fraud requires a plaintiff to plead

24  and prove: "(1) a knowingly false representation by the defendant; (2) an intent to

25  deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting

26  damages."  *Service by Medallion, Inc. v. Clorox Co*., 44 Cal.App.4th 1807, 1816

27  (1996).  Fraud must be pleaded with specificity.  Fed. R. Civ. P. 9(b).  Plaintiffs'

28  complaint does not plead any of the required elements, much less with the required

RC1/5935660.1/PF1                              **[PROPOSED] STATEMENT OF DECISION**

1  specificity.  They have also not offered any proof to support their claim.
2  Amazon.com is thus entitled to partial summary judgment on plaintiffs' fraud
3  claim.

4  Amazon.com is similarly entitled to partial summary judgment on Plaintiffs'
5  copyright claim.  Amazon.com has established that it did not itself sell the long-out-
6  of-print *Latawnya* book.  Decl. of Adrian Garver, ¶¶ 6-7.  It therefore cannot be
7  liable for direct infringement.

8  The only sales of the *Latawnya* book on the Amazon.com Web site were 34
9  used copies sold by third-party sellers since 2007.  *Id.* at ¶ 6.  Plaintiffs have failed
10 to plead or prove any basis for secondary liability for Amazon.com for the third-
11 party sales of used books.  Under the First Sale Rule, a person is free to resell a
12 book as he wishes.  17 U.S.C. § 109; *Bobbs-Merrill Co. v. Straus*, 210 U.S. 339,
13 350-51 (1908).  Without direct liability as to a third-party seller, there can be no
14 indirect liability (vicarious liability or contributory infringement) against
15 Amazon.com.  *E.g.*, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 2011 U.S. App.
16 LEXIS 3428 (9th Cir. Feb. 17, 2011); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d
17 1004, 1019, 1022 (9th Cir. 2001).

18 For these reasons, the Court GRANTS Amazon.com's Motion for Summary
19 Judgment in its entirety.

20
21
22
23  DATED: _____    _____
                                     Honorable Otis D. Wright II
24                                   United States District Court Judge
25
26
27
28