ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA  90071-2213
Telephone:  (213) 312-2000
Facsimile:   (213) 312-2001
Email:       aanderson@rmkb.com
             tskelton@rmkb.com

Attorneys for Defendant
AMAZON.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SCOTT GIBSON and JAMES E. GIBSON,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM AND THEIR THIRD PARTIES URBAN DICTIONARY AND WIKIPEDIA FREE ENCYCLOPEDIA,<br><br>Defendants. | Case No.  EDCV 11-00021 ODW (DTBx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>Date:       June 20, 2011<br>Time:       1:30 p.m.<br>Courtroom:  11<br><br>Judge:      Hon. Otis D. Wright II |

Plaintiffs' complaint against Amazon.com is spun from whole cloth. Plaintiffs' claims against Amazon.com are based wholly on misunderstanding information that they found on the Internet.

Amazon.com has never published or sold Plaintiffs' book. As such, Amazon.com is entitled to summary judgment.

# I.
# FACTS:

This case involves Ms. Gibson's self-published 1991 book *Latawnya, The Naughty Horse, Learns to Say "No" to Drugs*.  As Wikipedia describes that work:

> *Latawnya, The Naughty Horse, Learns to Say "No" to Drugs* is a book by Sylvia Scott Gibson directed towards children, warning them about the dangers of alcohol and what the book refers to as "smoking drugs." It was published by vanity press publisher Vantage Press with a copyright date of 1991.  This anti-drug children's book is unusual in the fact that it uses horses instead of humans as characters. Due to its absurd writing, illustrations and comments from the author, this book sells out almost anytime a copy becomes available on Amazon. The book also has several dozen satirical reviews on the Amazon site.[1]

The sum total of Plaintiff's allegations against Amazon.com in their First Amended Complaint was as follows:

> Copyright Infringement and Fraud
> 8.  Defendants amazon.com and their third party, is using their power and influence to try to take my anti-drug children book.  They have influenced people to publish and sell my book in different countries all over the world doing fraud using my birth name Sylvia Scott Gibson.  See exhibit 1. page one name of book alone with birth name page 2. cease and desist letter page 3. 11 different countries with my birth name sold alone with my book. Page 4 Web. page printed off 11-26-2010 shows that amazon has Granite City Green Guys publishing my book since 06-19-2007 After the Defendants amazon.com and their third party received the cease and desist letter from me letting them know they are committing fraud selling my birth name alone with my book and 9 of my family members names are in

---

[1] http://en.wikipedia.org/wiki/Latawnya,_the_Naughty_Horse,_Learns_to_Say_%22No%22_to_Drugs

> the book, they put a line through the 11 different countries where they sold my birth name and children book.
> The name of my book is Latawnya The Naughty Horse Learns to Say No To Drugs.
> ISBN:0-533-09102-0

First Amended Complaint, ¶ 8.

On April 8, 2011, Plaintiffs filed a "Request to File Second Amended Complaint" (ECF #37.) That document made allegations concerning Pacific Lutheran University, and a purported "another book published from [Ms. Gibson's] book." It did not mention Amazon.com, nor was a proposed amended complaint attached. It was not even served on Amazon.com.

On April 14, Amazon.com filed a motion for summary judgment (ECF # 39). On April 18, this Court issued an order (ECF #40) granting Plaintiffs' Request. In that order, the Court held that Amazon.com's pending motion for summary judgment was moot, and therefore taken off calendar. The Court stated that Amazon.com "may re-file said motion as they see fit."

On April 25, Amazon.com re-filed its motion, stating "While it is not clear whether Plaintiffs' Request is to serve as an amendment to the complaint, or whether Plaintiffs intend to actually file a second amended complaint, that is not relevant to Amazon.com. Amazon.com has nothing to do with the new allegations alleged in Plaintiffs' Request."

Amazon.com was wrong. On May 2, Plaintiffs filed a Second Amended Complaint (ECF #42). Despite having mentioned no new allegations against Amazon.com in their "Request," they expanded the above-quoted paragraph 8 into a six-page tirade, and added "unfair competition" to the heading. Amazon.com was therefore required to withdraw its motion, and again re-draft and re-file it.

Although barely comprehensible, Plaintiff's new six-page invective makes a variety of wild allegations, each of which is completely detached from reality.

1  Paragraph 8 now begins:

      8. It seames [sic] like the Defendants amazon.com and Their third party conspired in a conspiracy to take my anti-drug children book away from my family and me. They are using my children book for their own personal gain and they have shut me the author, my husband and my children out of my own book that I created and wrote. My children and my husband helped me pay for my book Latawnya The Naughty Horse Learns To Say No To Drugs. Amazon.com and their Third party is unfair competition.
      This is what the defendant Amazon.com and their third party did to my anti-drug children book. 1. They illegally published another edition of my book Latawnya The Naughty Horse Learns To Say No To Drugs. 2. Amazon renamed the author from Sylvia Scott Gibson to Sylvia S Gibson on their illegal published second edition book. 3. Amazon is using my 10 digit ISBN from my original book on their illegally published second edition book and then they attached a 13 digit ISBN to my 10 digit ISBN on their Illegally published second edition book. Proof- This is copyright Infringement and fraud. . . .

In the remaining five pages of paragraph 8, Plaintiffs now claim that there was something unlawful (*what* remains a mystery) about the fact that the author of the book was listed on Amazon.com's Web site as "Sylvia S. Gibson" instead of "Sylvia Scott Gibson."[2] They also confuse reader comments about a reviewer's use of "puns" with "porn," and then go off on a diatribe about how they can't believe that Amazon.com can support "porn" and sell children's books at the same time ("If amazon can take an innocent say no to drugs children book and put it into pornography. I do not think that amazon.com should be in the business of selling any children books.").

---

[2] On April 18, 2011, Plaintiffs sent a letter demanding that Amazon.com change the author listed in its database for the *Latawnya* book from "Sylvia S. Gibson" to "Sylvia Scott Gibson." Amazon.com promptly and politely honored this request. *See* Skelton Declaration at ¶¶ 2-4.

The remainder of the new allegations are rants about Web sites, events, and people having nothing to do with Amazon.com. They even blame Amazon.com for things about the *Latawnya* book being posted on some "porn blog," and Ms. Gibson apparently being sent inappropriate pornographic e-mails by some unspecified persons ("I was wondering why I was receiving so many messages and pictures from the porn world. Now I know why."). Basically, despite the fact that Amazon.com has documented to Plaintiffs that it never sold the *Latawnya* book, and attested to this under penalty of perjury, if something is on the Internet, and it mentions Plaintiffs or the *Latawnya* book, Plaintiffs allege Amazon.com is to somehow to blame, as the hub of a worldwide conspiracy against them.

As is demonstrated by the correspondence attached to Plaintiffs' complaint, and by Amazon.com's conduct in this litigation, Amazon.com has granted Plaintiffs every indulgence and courtesy. Amazon.com has treated Plaintiffs with dignity and patience. But Amazon.com's kindness has been repaid with increasingly bizarre and defamatory allegations.

Enough is enough. Amazon.com has not sold Plaintiffs' book, and knows nothing about Plaintiffs' wild allegations. Amazon.com is entitled to summary judgment.

**A.   Amazon.com is not selling the *Latawnya* book, in the United States or elsewhere.**

Plaintiffs allege that Amazon.com is selling the *Latawnya* book across the globe. The sole piece of evidence offered by Plaintiffs to support this assertion is printouts of search results from Amazon.com's Web site.

Plaintiffs are misreading those results. The strikethrough means that the search term was ignored, and the results do not incorporate those terms. For each country that Plaintiffs put in the search phrase, that country name is struck out in the results. For instance, the search result "latawnya ~~the~~ naughty horse ~~learns to say no to drugs~~ in the United Kingdom ~~sylvia scott gibson~~" (FAC, Exh. 1, p. 3 (page 8

of the document)) means that each of the struck-through terms was disregarded by Amazon.com's computers. Amazon.com's computer reduced the search phrase to "latawnya naughty horse." Garver Decl. at ¶ 2.[3] Plaintiffs could run searches substituting every other country on the globe, or with purely made-up words, and the result would be the same every time.

Further, each of these results (FAC, Exh. 1, pp. 3-13) show the same thing that Amazon.com has repeatedly told Plaintiffs – that Amazon.com does not have the *Latawnya* book for sale. This is hardly surprising, considering that the book had a single small publication in 1991, five years before Amazon.com even existed.[4]

**B.  Amazon.com has never sold the *Latawnya* book; the only sales have been used copies sold by third-party sellers.**

Amazon.com has never sold the long-out-of-print *Latawnya* book. Undisputed Material Fact ("UMF") No. 1. The only sales of the *Latawnya* book on Amazon.com's Web site have been 34 *used* copies sold by third-party sellers. UMF No. 2.

**C.  If there is a "second edition" of the *Latawnya* book, Amazon.com has never seen it.**

The new central allegation in the Second Amended Complaint seems to be some alleged secret "second edition" of the *Latawnya* book. While the evidence offered to support this claim is preposterous, even if there were such a "second edition" somewhere, Amazon.com has never sold it. Garver Decl., ¶¶ 7-8; *see also* Exh. C to Skelton Decl.

**D.  Amazon.com has not "sold [Plaintiffs'] birth name," in the United States or elsewhere.**

Plaintiffs' allegations that Amazon.com "sold [their] birth names" is

---

[3] This is also clearly stated on each page.
[4] *See Amazon.com – Wikipedia, the free encyclopedia* <http://en.wikipedia.org/wiki/Amazon.com>.

nonsensical. Even if names are for sale somewhere, they are not on Amazon.com. Garver Decl., ¶ 4.

Amazon.com explained all of the above to Plaintiffs at the early meeting of counsel, complete with documentation. Amazon.com has explained to Plaintiffs why they are misreading the Web pages that their case is based on, but to no avail. Plaintiffs refuse to do the right thing and dismiss Amazon.com. Instead, with their Second Amended Complaint, Plaintiffs have ratcheted up their false and defamatory allegations. It has now become the Theatre of the Absurd.

## II.
## AMAZON.COM HAS NOT INFRINGED PLAINTIFFS' COPYRIGHT.

As established above, Amazon.com has never published or sold the *Latawnya* book. As such, there can be no direct copyright infringement.

With respect to potential secondary liability for the third-party sales of used *Latawnya* books, there is no evidence that any of these sales were improper. Under the First Sale Rule, a person is free to resell a book as he wishes. 17 U.S.C. § 109; *Bobbs-Merrill Co. v. Straus*, 210 U.S. 339, 350-51 (1908).

There is no evidence or reason to believe that any of these books were not genuine. Without direct liability as to a third-party seller, there can be no indirect liability (vicarious liability or contributory infringement) against Amazon.com. *E.g.*, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 2011 U.S. App. LEXIS 3428 (9th Cir. Feb. 17, 2011); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019, 1022 (9th Cir. 2001).

Finally, even if there were some evidence that there was something wrong with any of these third-party sales, Plaintiffs did not send Amazon.com proper notice under the Digital Millennium Copyright Act. As such, Amazon.com is shielded from liability in any event. *See*, *e.g.*, *Hendrickson v. Amazon.com*, 298 F. Supp. 2d 914 (C.D. Cal. 2003) (Amazon.com not liable for third-party sales on its site in the absence of proper notice under the DMCA); *Corbis Corp. v.*

1  *Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1110 (W.D. Wash. 2004) (same).

## III.
## PLAINTIFFS FAIL TO STATE A CLAIM FOR FRAUD.

Fraud requires a plaintiff to plead and prove: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1816 (1996). Fraud must be pleaded with specificity. Fed. R. Civ. P. 9(b).

Even granting every indulgence to Plaintiffs as *pro se* litigants, Plaintiffs' complaint does not even come close to pleading fraud. None of the required elements are pleaded even generally, much less with the specificity required under Rule 9.

## IV.
## PLAINTIFFS FAIL TO STATE A CLAIM FOR UNFAIR COMPETITION.

Plaintiffs have not specified whether the alleged unfair competition is under the Lanham Act or California statutory or common law unfair competition. Plaintiffs have not alleged or proved any act prohibited under the Lanham Act (trademark or trade dress infringement or false advertising). They have not alleged or proved any act prohibited by California common law unfair competition, which requires a showing a competitive injury. *E.g.*, *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 209 (1983). They have not alleged or proved any act prohibited by California Business and Professions Code section 1700, which prohibits (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; (4) "unfair, deceptive, untrue or misleading advertising"; and (5) any act prohibited by Sections 17500-17577.5. *E.g.*, *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1102 (1996).

The only mention of unfair competition is the bare statement that

"Amazon.com and their Third Party is unfair competition." SAC at 02:17. Plaintiffs have not alleged or proved any facts that even remotely implicate unfair competition law.

## V. CONCLUSION:

Amazon.com has done nothing wrong. It is entitled to summary judgment.

Dated: May 9, 2011

ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Timothy L. Skelton*
    ALLAN E. ANDERSON
    TIMOTHY L. SKELTON
    Attorneys for Defendant
    AMAZON.COM