ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA  90071-2213
Telephone:  (213) 312-2000
Facsimile:   (213) 312-2001
Email:       aanderson@rmkb.com
tskelton@rmkb.com

Attorneys for Defendant
AMAZON.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SCOTT GIBSON and JAMES E. GIBSON,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM AND THEIR THIRD PARTIES URBAN DICTIONARY AND WIKIPEDIA FREE ENCYCLOPEDIA,<br><br>Defendants. | Case No.  EDCV 11-21 ODW (DTBx)<br><br>**[PROPOSED] STATEMENT OF DECISION ON AMAZON.COM'S RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>Date:       June 20, 2011<br>Time:      1:30 p.m.<br>Courtroom: 11<br><br>Judge:     Hon. Otis D. Wright II |

This case involves Plaintiffs' book *Latawnya, The Naughty Horse, Learns to Say "No" to Drugs*. Plaintiffs allege copyright infringement, fraud, and unfair competition against Amazon.com.

Amazon.com is entitled to partial summary judgment on Plaintiffs' copyright claim. Amazon.com has established that it did not itself sell the long-out-of-print *Latawnya* book. Decl. of Adrian Garver, ¶¶ 6-7. It therefore cannot be liable for direct infringement.

The only sales of the *Latawnya* book on the Amazon.com Web site were 34 used copies sold by third-party sellers since 2007. *Id*. at ¶ 6. Plaintiffs have failed

to plead or prove any basis for secondary liability for Amazon.com for the third-party sales of used books.  Under the First Sale Rule, a person is free to resell a book as he wishes.  17 U.S.C. § 109; *Bobbs-Merrill Co. v. Straus*, 210 U.S. 339, 350-51 (1908).  Without direct liability as to a third-party seller, there can be no indirect liability (vicarious liability or contributory infringement) against Amazon.com.  *E.g.*, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 2011 U.S. App. LEXIS 3428 (9th Cir. Feb. 17, 2011); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019, 1022 (9th Cir. 2001).

      Plaintiffs fail to state a claim for fraud.  Fraud requires a plaintiff to plead and prove: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages."  *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1816 (1996).  Fraud must be pleaded with specificity.  Fed. R. Civ. P. 9(b).  Plaintiffs' complaint does not plead any of the required elements, much less with the required specificity.  They have also not offered any proof to support their claim.  Amazon.com is thus entitled to partial summary judgment on plaintiffs' fraud claim.

      Plaintiffs fail to state a claim for unfair competition.  They have not alleged or proved any act prohibited under the Lanham Act (trademark or trade dress infringement or false advertising).  They have not alleged or proved any act prohibited by California common law unfair competition, which requires a showing a competitive injury.  *E.g.*, *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 209 (1983).  They have not alleged or proved any act prohibited by California Business and Professions Code section 1700, which prohibits (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; (4) "unfair, deceptive, untrue or misleading advertising"; and (5) any act prohibited by Sections 17500-17577.5.  *E.g.*, *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th

1093, 1102 (1996).

Amazon.com is thus entitled to partial summary judgment on plaintiffs' unfair competition claim.

For these reasons, the Court GRANTS Amazon.com's Motion for Summary Judgment.

DATED: _____    _____
Honorable Otis D. Wright II
United States District Court Judge