```
ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA  90071-2213
Telephone:  (213) 312-2000
Facsimile:   (213) 312-2001
Email:       aanderson@rmkb.com
             tskelton@rmkb.com

Attorneys for Defendant
AMAZON.COM
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SCOTT GIBSON and JAMES E. GIBSON,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM AND THEIR THIRD PARTIES URBAN DICTIONARY AND WIKIPEDIA FREE ENCYCLOPEDIA,<br><br>Defendants. | Case No.  EDCV 11-21 ODW (DTBx)<br><br>AMAZON.COM'S MOTION TO STRIKE PLAINTIFFS' "REQUESTING TO FILE THIRD AMENDED COMPLAINT" (ECF # 63);<br><br>SUBTANTIVE OPPOSITION TO SAME<br><br>Judge:    Hon. Otis D. Wright II |

Plaintiffs' "Requesting to file Third Amended Complaint" (ECF # 63) is procedurally improper.  Amazon.com respectfully requests that this Court strike it.

Alternatively, Amazon.com respectfully requests that this Court deny their request on its merits.  Amendment would be futile.  The allegations are facially baseless, and there is no cause of action for "entering books into the world of pornography."  But even if there were, Plaintiffs have already fully made these allegations in their existing Second Amended Complaint.  The Second Amended Complaint is the subject of a pending motion for summary judgment – which has already had to be re-filed twice due to previous "requests" to amend.  Plaintiffs will

have a full opportunity to set forth any evidence in their opposition.

Plaintiffs' "request" should be stricken or denied, and Amazon.com's motion for summary judgment should proceed on June 20 without further delay.

## I.
## PLAINTIFFS' "REQUESTING TO FILE THIRD AMENDED COMPLAINT" SHOULD BE STRIKEN.

Plaintiffs' "Requesting to file Third Amended Complaint" (ECF # 63) should be stricken as procedurally improper. First, there is no hearing date. Second, there is no proposed amended complaint or amendments to the complaint, nor any proposed order. *See* L.R. 15-1, 15-2. Third, there is no statement as required by Section 6.c. of this Court's March 30, 2011 Scheduling and Case Management Order (ECF #35) (requiring compliance with LR 15 and details of proposed amendment).

As stated in this Court's February 12, 2011 Self-representation Order (ECF #13):

> Simply put, when you elect to proceed pro se, you are on your own and become personally responsible for litigating your action in accordance with the rules. Practice in the federal courts is governed by the Federal Rules of Civil Procedure. You must become familiar with these rules. You will be held to the same standards as a lawyer as far as complying with court procedures and the rules and regulations of the court system.

Feb. 12, 2011 Order at p. 2.

Amazon.com has thus far not objected to Plaintiffs' violations of the rules, choosing instead to extract itself from this morass as expeditiously as possible via summary judgment. Due to Plaintiffs' previous failures to follow the rules, Amazon.com has already been forced to re-file its motion twice, even though the essential allegations against Amazon.com have not changed.

Enough is enough. Plaintiffs have been given every opportunity to plead

their case.

## II.
## PLAINTIFFS' REQUEST SHOULD BE DENIED ON ITS MERITS.

Plaintiffs' "Request" is not only procedurally improper, it is also substantively devoid of merit. The amendment (or third amended complaint) would be futile. There is no cause of action for "entering books into the world of pornography," and even if there were, Plaintiffs have already fully made these allegations in their existing Second Amended Complaint.

Where, as here, there is a pending motion for summary judgment, leave to amend should be denied unless the plaintiff can produce "substantial and convincing evidence" supporting the proposed amendment. *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 944 (7th Cir. 1995); *Parish v. Frasier*, 195 F.3d 761, 764 (5th Cir. 1999). Plaintiffs' "request" is the polar opposite of that standard.

It is clear that Plaintiffs are not alleging any new legal claims against Amazon.com, but rather simply taking the opportunity to spin more delusional yarns. As can be seen by the attachments to Plaintiffs' "request," the allegations are nonsensical. The attached Web pages have nothing to do with Amazon.com. Plaintiffs apparently Googled "amazon.com/latawnya the naughty horse," and (unsurprisingly) the search results contain spam porn sites. Other than the search phrase used, there is no connection made to Amazon.com. As is made clear in Amazon.com's pending motion for summary judgment, this is yet another example of Plaintiffs finding random information on the Internet and automatically assuming some connection to Amazon.com. With Amazon.com responsible in Plaintiffs' eyes for anything posted about their book on the Internet, this process could go on forever – every day of Web surfing will produce fodder for more wild allegations, with periodic "requests" for amendment.

Further, the "request" states nothing new from plaintiff's Second Amended

1 Complaint.  In Plaintiffs' SAC (ECF # 42), there is a lengthy "Special Statement
2 from Plaintiff James E. Gibson" that goes into detail on plaintiff's allegations that
3 they are "very disappointed in amazon.com to find out they have stoop so low to
4 enter an anti-drug Children booked into pornography."  Mr. Gibson's fantastic
5 allegations go on for some time, and Plaintiffs purport to support these allegations
6 with documents attached to their second amended complaint.  SAC at 06:22-07:09,
7 exhibits thereto at pp. 46-60.

8 These are exactly the same allegations as made in Plaintiffs' "request."
9 These allegations are addressed in Amazon.com's pending motion for summary
10 judgment.  To the extent that Plaintiffs have any evidence to substantiate these
11 claims, they can put them before the Court in their opposition. Nothing will be
12 gained for anyone by allowing Plaintiffs to repeat more of the same in another
13 virtually incomprehensible pleading.

14 Amazon.com has already had to file its motion for summary judgment three
15 times.  Plaintiffs' bizarre, defamatory, and irrelevant allegations have cost
16 Amazon.com tens of thousands of dollars in needless attorneys fees.  Plaintiffs
17 should not be allowed to further pointlessly drive up Amazon.com's fees by again
18 stalling the inevitable.

19 Plaintiffs' "Request" should be denied.  Plaintiffs will have their day in court
20 on June 20, when Amazon.com's summary judgment motion is heard.

22 Dated:    May 24, 2011            ROPERS, MAJESKI, KOHN &
                                     BENTLEY

25                                   By:*/s/ Timothy L. Skelton*
                                        ALLAN E. ANDERSON
26                                      TIMOTHY L. SKELTON
                                        Attorneys for Defendant
27                                      AMAZON.COM

RC1/6010327.2/CO1      - 4 -      AMAZON.COM'S OPPOSITION TO
                                  PLAINTIFFS' "REQUESTING TO FILE A THIRD
                                  AMENDMENT COMPLAINT"