O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SYLVIA SCOTT GIBSON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AMAZON.COM, et al., ) <br> ) <br> Defendants. ) <br> ) | ED <br> CASE NO. CV 11-0021-ODW (DTBx) <br><br> ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY ADJUDICATION [103, 104, 109] AND DENYING PLAINTIFFS' [128] |

## I. INTRODUCTION

This action concerns Plaintiff Sylvia Scott Gibson's self-published 1991 book Latawnya, The Naughty Horse, Learns to Say "No" to Drugs. Defendants Pacific Lutheran University ("PLU"), Amazon.com and Urban Dictionary LLC now move separately for summary judgment arguing, among other things, they are not liable for copyright infringement. (*See* Docket Nos. 103, 104, 109.) Although Plaintiff filed opposition briefs, these motions remain largely unopposed. (*See* Docket Nos. 107, 108, 128.) After considering the parties' briefs, the court finds this matter suitable for decision without oral argument. *See* Local Rule 7-15.

As discussed below, Defendants' motions are **GRANTED**.

## II. DISCUSSION

***Pacific Lutheran University's Motion*** (Docket No. 103.)

PLU offers three undisputed facts. First, the web pages which Plaintiff challenges were not real. (UF 1) ("They were created by three PLU students as a final team project in Professor Robinson's Spring 2007 Publishing Procedures Class (English 312). Each team was to create a Web site for an imaginary publishing house featuring real books. The books were not part of the reading for the class, but were just used to create the Web site project."). Second, "[n]one of these books were actually offered for sale on the Web site." (UF 2) ("The fake ordering form does not actually do anything."). And finally, those responsible for the web pages not only never utilized them commercially but had actually forgotten about them until Plaintiff filed this action.

PLU neither published nor sold the book. And, insofar as the students used a photo of the cover, they may do so under the doctrine of fair use. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 719-20 (9th Cir. 2007). Here, the use was clearly educational and nonprofit. The students merely made a thumbnail image of the cover of the book. And, since the book has been out of publication since 1990-and PLU students' use of the book was not disparaging-there cannot be any negative impact on the value of the work. As for the fraud claim, it suffices to note that Plaintiff fails to raise a genuine issue as to either personal reliance or damages. PLU's motion is accordingly **GRANTED**.

***Amazon.com's Motion*** (Docket No. 104.)

Amazon.com makes an equally compelling showing. To begin, Amazon.com has neither published nor sold the book. (UF 1.) "The only sales of the Latawnya book on Amazon.com's Web site have been 35 used copies sold by third-party sellers. (UF 2.) Plaintiff's opposition offers no evidence to the contrary, and these third-party sales are legal and proper under the First Sale Rule, which allows a person to freely resell a previously-purchased book as he or she wishes. *See* 17 U.S.C. § 109; *see also Bobbs-Merrill Co. v. Straus*, 210 U.S. 339, 350-51 (1908).

Amazon.com also moves for, and the court enters summary judgment as to several other alleged violations. Among other things, Amazon.com is not liable for selling "birth names" or for allegedly entering "the Latawnya book into porn." These allegations, much like Plaintiff's claim for fraud, are completely without support.

*Urban Dictionary's Motion* (Docket No. 109.)

"Plaintiffs claims against Urban Dictionary also fail. "An unknown Urban Dictionary user posted a dictionary entry for the term "Latawnya the Naughty Horse" sometime prior to November 23, 2010." (Mot at 4.) Urban Dictionary did not create the dictionary entry, did not edit the entry, and had no actual knowledge of the entry prior to receiving a cease and desist notice from Plaintiffs on November 23, 2010. (Id.)("Despite [ ] deficiencies in Mrs. Gibson's notice, Urban Dictionary complied with her takedown request on November 29, 2010.").

In short, because Urban Dictionary is an online service provider appropriately registered under and in full compliance with the statutory requirements of the Digital Millennium Copyright Act's safe-harbor provision for online service providers, and because Urban Dictionary acted expeditiously to remove the allegedly infringing content (despite Plaintiffs' failure to provide proper notification of claimed infringement), Urban Dictionary cannot be liable to Plaintiff. Urban Dictionary's motion for summary judgment is therefore **GRANTED**.

*Plaintiffs' Motion [128]*

Along with her husband, James E. Gibson, Plaintiff appears to have misidentified the opposition to Urban Dictionary's motion as their own motion for summary judgment. To the extent Plaintiff intended to file such a motion, it is hereby **DENIED**.

///
///
///

## III. CONCLUSION

Plaintiff demonstrates a fundamental misunderstanding of the facts, the Internet, and the law. PLU, Amazon.com and Urban Dictionary's motions for summary judgment are **GRANTED**. Plaintiff's motion is **DENIED**.

**SO ORDERED**

**September 8, 2011**

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE